UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND VERNON PAGE, JR.,        )<br>                                                         )<br>             Petitioner,                      )<br>                                                         )<br>     v.                                              )<br>                                                         )<br>GOVERNOR ARNOLD                   )<br>SCHWARZENEGGER,                    )<br>                                                         )<br>             Respondent.                  )<br>_____) | 1:09-cv-00737-BAK-GSA HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF EXHAUSTION<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner was in the custody of the California Department of Corrections and Rehabilitation pursuant to a judgment of the Superior Court of California, County of Kern, for possession of marijuana with intent to sell, which resulted in a sentence of sixteen months.  (Doc. 1, p. 14). Petitioner was released on parole; however, a parole hold was placed on him on July 13, 2008 and a parole revocation hearing on September 2, 2008 resulted in the revocation of his parole.  (Id.).  The instant petition contends that the parole revocation procedure violated state law.  (Id.).  On April 30,

2009, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 3).

## DISCUSSION

### A. Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

B. Petitioner Has Failed To Exhaust His State Remedies.

In the petition before the Court, Petitioner contends that the revocation procedure violated state law because the revocation hearing was delayed from its original date in August 2008 until September 2, 2008, in contravention of a 35-day rule set forth in California cases. (Doc. 1, p. 3). Petitioner has alleged in the petition that he sought to exhaust this issue in state court by filing a state habeas petition in the Kern County Superior Court on September 2, 2008, which was denied on November 3, 2008 in case no. HC10777A, and by a similar petition filed in the same court on October 15, 2008 and denied on December 15, 2008 in case no. 10844A. (Doc. 1, pp. 13-14). In both cases, the court denied the petition on procedural grounds citing People v. Duvall, 9 Cal.4th 464, 474 (1995), i.e., that Petitioner had failed to include a transcript of the parole revocation hearing along with his petition. (Id.).

Petitioner does not indicate that he has ever presented this issue to the California Supreme Court. As mentioned, in order to exhaust a claim, the petitioner must have presented the claim to the state's highest court, i.e., the California Supreme Court. Duncan, 513 U.S. at 365; Picard, 404 U.S. at 276; Johnson, 88 F.3d at 829. Because Petitioner has not presented his claim to the California Supreme Court, it is not exhausted, and the Court cannot consider an unexhausted petition. Rose, 455 U.S. at 521-22; Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997).

1  Petitioner apparently considers his two petitions filed in the state trial court to have
2 exhausted the issue. Petitioner is mistaken. He must present the issue to the state's highest court.
3 Moreover, even had Petitioner presented those petitions to the California Supreme Court, the state
4 court's citation to Duvall is fatal to his attempt to exhaust the issue. Under California law, a citation
5 to Duvall indicates that a petitioner has failed to state his claim with sufficient particularity for the
6 state court to examine the merits of the claim, and/or has failed to "include copies of reasonably
7 available documentary evidence supporting the claim, including pertinent portions of trial transcripts
8 and affidavits or declarations." Duvall, 9 Cal.4th at 474.

9  In Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986), the Ninth Circuit indicated that
10 federal courts must independently examine the state habeas proceedings to determine whether they
11 had met the federal standard of "fair presentation" of a claim to the state courts. Id. "Fair
12 presentation" requires only that the claims be pleaded with as much particularity as is practicable.
13 Kim, 799 F.2d at 1320.

14  According to the exhibits filed by Petitioner, Petitioner failed to submit a transcript of his
15 parole revocation hearing along with the two state habeas petitions filed in the Kern County Superior
16 Court. (Doc. 1, pp. 13-14). Petitioner's failure to include a copy of the parole revocation hearing
17 transcript along with his petition would have been ample justification for the state court to dismiss
18 the petition under Duvall since it could not address the merits of the petition's allegations in the
19 absence of such a transcript.

20  Moreover, the citation to Duvall did not foreclose a petitioner from re-filing his petition
21 along with additional information or documents that would have permitted that court to make a
22 decision on the merits, i.e., the revocation hearing transcript. Kim, 799 F.2d at 1319. Petitioner
23 failed to follow this course.

24  For all of the foregoing reasons, the Court concludes that Petitioner did not exhaust his claim
25 in the California Supreme Court, and thus the petition is unexhausted and must be dismissed.

26
27
28  **ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED for lack of exhaustion; and

2. The Clerk of the Court is DIRECTED to enter judgment and close the file.

IT IS SO ORDERED.

Dated:  **July 14, 2009**              **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE